IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY MONIQUE COUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:10CV661-MEF |
| | ) |
| D.T. MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This pro se complaint was filed by the plaintiff, Kimberly M. Couch, on August 2, 2010. On January 26, 2011, the court ordered the plaintiff to file an amended complaint which specifies the basis of federal jurisdiction in this case. (Doc. No. 41.) This pleading was "return[ed] to sender" because the plaintiff was no longer at the address she had provided to the court.

On March 10, 2011, the court entered an order requiring that, on or before March 24, 2011, the plaintiff inform the court of her present address. (Doc. # 42.) The plaintiff was cautioned that the failure to comply with this order would result in a recommendation that this case be dismissed. (*Id.*) The plaintiff has filed nothing in response to this order. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the failure of the plaintiff to prosecute this action and her failure to comply with the orders of this court.

Additionally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 18, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of May, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE